MEMORANDUM***
Hartford Life & Accident Insurance Company and Allstate Insurance Company Long Term Disability Plan (“Plan”) appeal the district court’s judgment awarding long term disability benefits to Kathleen Whealen. We affirm.
The district court did not err when it determined that it was required to apply skeptical abuse of discretion review to Hartford’s decision to terminate Whealen’s long term disability benefits under the Plan. See Metro. Life Ins. Co. v. Glenn, — U.S. —, —, 128 S.Ct. 2343, 2350-51, 171 L.Ed.2d 299 (2008); Abatie v. Alta Health Life Ins. Co., 458 F.3d 955, 968-69 (9th Cir.2006) (en banc); see also Pannebecker v. Liberty Life Assur. Co. of Boston, 542 F.3d 1213, 1218 (9th Cir.2008). Nor did the district court err in determining that Hartford wrongfully reached its decision to terminate those benefits when it arbitrarily failed to credit the reliable evidence of Whealen’s physical and cognitive problems.[1] See Jordan v. Northrop Grumman Corp. Welfare Benefit Plan, 370 F.3d 869, 879 (9th Cir.2004), abrogated in part by Abatie, 458 F.3d at 969; Booton v. Lockheed Med. Benefit Plan, 110 F.3d 1461, 1465 (9th Cir.1997); see also Saffon v. Wells Fargo & Co. Long Term Disability Plan, 522 F.3d 863, 872-73 (9th Cir.2008).
Finally, the district court did not err when it determined that Whealen was the prevailing party and awarded attorney’s fees to her. See Carpenters Health & Welfare Trust v. Vonderharr, 384 F.3d 667, 674 (9th Cir.2004).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. We, of course, agree that the opinions of Whealen’s physicians were not entitled to special deference. See Black & Decker Disability Plan v. Nord, 538 U.S. 822, 829, 123 S.Ct. 1965, 1969, 155 L.Ed.2d 1034 (2003). That does not mean that Hartford could arbitrarily reject what those physicians had to say. Id. at 834, 123 S.Ct. at 1972.